UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS DE LEON,<br><br>    Plaintiff,<br><br>    v.<br><br>KATHLEEN ALLISON, et al.,<br><br>    Defendants. | Case No.: 1:13-cv-00257-AWI-SAB (PC)<br><br>ORDER REQUIRING PLAINTIFF EITHER TO FILE AMENDED COMPLAINT OR TO NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON CLAIMS IDENTIFIED HEREIN<br><br>THIRTY-DAY DEADLINE |

Plaintiff Jesus DeLeon is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff filed the initial complaint on February 21, 2013. On February 26, 2013, the complaint was stricken from the record for lack of signature. Plaintiff filed an amended complaint on April 22, 2013.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

### III.

### COMPLAINT ALLEGATIONS

Plaintiff contends that from June 21, 2009 through March 7, 2011, he was deprived of outdoor exercise during a lockdown/modified program. The modified program was the result of a disturbance involving Southern and Northern Hispanic inmates. Plaintiff is classified as a Southern Hispanic due to his race and the fact that he lived in Southern California at the time of his conviction.

On June 26, 2009, Captain F. Vasquez prepared a program status report placing the entire C-Facility general population on modified program. On or about this same date, Defendants Allison and K. Clark approved Vasquez's plan.

All inmates who were allegedly involved in the incident on June 21, 2009, were removed from general population and placed in administrative segregation. Approximately seven to ten days later, Defendants Clark and Allison allowed these inmates outdoor exercise.

2

The modified program entails an unclothed body search prior to exiting the cell, restraints during escort, no contact visitation, no canteen, no packages, no work/education program, no out of cell religious services, no access to law library (unless a verified court filing deadline), three five minute showers per seek, and no out of cell exercise.

Between June 26, 2009 through March 7, 2011, Defendants Vasquez, T. Wan, C. Moreno, R. Tolsen, B. Peterson, and Does 1-5 would prepare a program status report denying Plaintiff and all Hispanic inmates out of cell exercise. Defendants Clark, Allison, Wan. P. Diaz, S. Sherman, and Doe 6-10 would approve the program status reports during this time period.

During this time period, Defendant W. J. Sullivan would review the program status reports and failed to intervene to prevent the alleged constitutional violations.

On August 8, 2009, Defendant Sergeant C. Garza reviewed Plaintiff's grievance and failed to intervene and prevent the alleged constitutional violations. On or about August 23, 2009, Defendant D. Goss conducted a formal level interview with Plaintiff. Defendants Goss and Wan deliberately failed to intervene to prevent the alleged constitutional violations.

On October 6, 2009, Defendant Allison deliberately failed to intervene and prevent the alleged constitutional violation by denying his inmate grievance.

On April 1, 2010, Defendants D. Artis and D. Foster failed to intervene and prevent the alleged constitutional violations by denying Plaintiff's inmate appeal.

Plaintiff contends several instances of continued acts of violence were "set up" or orchestrated by Defendants after the June 21, 2009, incident. Throughout the modified program and deprivation of outdoor exercise, Plaintiff attended numerous "threat assessment interviews" in which he was informed by institutional staff that although plaintiff was not a threat to the safety, the administration did not allow individual inmates to be taken off modified program status.

During the entire twenty-one month in which he was denied out of cell exercise and sunshine, Plaintiff suffered from muscle cramps, stress, constipation, back pain, lethargy, photophobia, and depression.

///
///

Between June 25, 2009 through March 7, 2011, Defendants Vasquez, Moreno, Tolsen, Peterson, Clark, Allison, Diaz, Sherman, and Doe 1-10 prepared and/or approved of the modified program depriving Plaintiff of outdoor exercise based solely on Plaintiff's Hispanic race.

On July 22, 2010, Defendants Moreno and A. Hernandez discriminated against Plaintiff by continuing to subject him to the modified program by denying his inmate appeal.

On August 25, 2010, Defendants C. Moreno and S. Sherman denied his inmate appeal finding no racial discrimination.

On August 31, 2010, Defendants R. Gomez and Allison denied his appeal and discriminated against Plaintiff by continuing to subject him to the modified program based solely on Plaintiff's Hispanic race.

On December 28, 2010, Defendant Artis and Foster denied his inmate appeal finding no discrimination.

Between June 21, 2009 through March 7, 2011, Defendant W. J. Sullivan enforced the regulations and policy that placed Plaintiff on the modified program based solely on his race.

On June 3, 2011, Defendants R. Briggs and D. Foston, denied his inmate grievance at the director's level.

### III.
### DISCUSSION

**A.     Denial of Outdoor Exercise**

Inmates have a constitutional right to outdoor exercise under the Eighth Amendment. Thomas v. Ponder, 611 F.3d 1144, 1151-1152 (9th Cir. 2010). "'[S]ome form of regular outdoor exercise is extremely important to the psychological and physical well being of the inmates.'" Allen v. Sakai, 48 F.3d 1082, 1087 (9th Cir. 1995) (quoting Spain v. Procunier, 600 F.2d 189, 199 (9th Cir. 1979)). Thus, [the] deprivation of outdoor exercise [can] constitute cruel and unusual punishment." Allen, 48 F.3d at 1087. While the temporary denial of outdoor exercise with no medical effects is not a substantial deprivation, May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997), in this Circuit, the deprivation of regular outdoor exercise for a prolonged period, is unquestionably sufficient to meet the objective requirement of the Eighth Amendment analysis. Lopez v. Smith, 203 F.3d 1122, 1132-1133

(9th Cir. 2000) (denial of all outdoor exercise for six weeks meets objective Eighth Amendment requirement); Allen, 48 F.3d at 1086-1088 (forty-five minutes of outdoor exercise per week for six weeks meets objective Eighth Amendment requirement).

Plaintiff states a cognizable claim for denial of outdoor exercise for a period of twenty-one months against Defendants F. Vasquez, K. Allison, W. J. Sullivan, K. Clark, T. Wan. C. Moreno, R. Tolsen, B. Peterson, P. Diaz, S. Sherman, C. Garza, D. Goss, D. Artis, D. Foster, and Doe 1-10.

**B.      Equal Protection**

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439, 105 S.Ct. 3249 (1985); Hartmann v. California Dep't of Corr. & Rehab., 707 F.3d 1114, 1123 (9th Cir. 2013); Furnace v. Sullivan, 705 F.3d 1021, 1030 (9th Cir. 2013); Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008). To state a claim, Plaintiff must show that Defendants intentionally discriminated against him based on his membership in a protected class. Hartmann, 707 F.3d at 1123; Furnace, 705 F.3d at 1030; Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003); Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001).

Invidious discrimination such as racial segregation, which is unconstitutional outside prisons, is also unconstitutional within prisons. Johnson v. California, 543 U.S. 499, 505-506 (2005) (unwritten policy of placing new or transferred inmates with cell mates of same race during initial evaluations held subject to strict scrutiny). A prison classification based on race is immediately suspect and is subject to the same strict scrutiny as a racial classification outside prison. Id. at 508-510. Prison officials must demonstrate that the race-based policy or action is narrowly tailored to serve a compelling state interest. Id. at 510-511. In Richardson v. Runnels, 594 F.3d 666, 671 (9th Cir. 2010), the Ninth Circuit applied Johnson to hold that racial lockdowns in response to prison disturbances are subject to strict scrutiny, under the following standard: whether "reasonable men and women could not differ regarding the necessity of a racial classification in response to prison disturbances and that the challenged racial classification was the least restrictive alternative (i.e., that any race-based policies are narrowly tailored to legitimate prison goals)." Richardson, 594 F.3d at 671 (citing Johnson, 543 U.S. at 505.)

Plaintiff's allegation that he was placed on modified program resulting in the denial of outdoor exercise based solely on his Hispanic race, states a cognizable Equal Protection claim against Defendants F. Vasquez, C. Moreno, R. Tolsen, B. Peterson, K. Clark, W. J. Sullivan, K. Allison, P. Diaz, S. Sherman, R. Gomez, D. Artis, D, Foster, and Does 1-10.

1. <u>Defendants Briggs and Foston</u>

Plaintiff alleges that Defendants Briggs and Foston denied his inmate grievance on June 3, 2011, and were deliberately indifferent to Plaintiff's racial discrimination by failing to intervene in the violation. However, the incidents complained of the inmate appeal regarding the placement on modified program and denial of outdoor exercise had already stopped on March 7, 2011, and by reviewing and denying the appeal, Defendants Briggs and Foston did not personally participate in the deprivation of Plaintiff's rights. Accordingly, Plaintiff does not state a cognizable Equal Protection claim against Defendants Briggs and Foston.

## IV.

## CONCLUSION AND ORDER

Plaintiff's complaint states a cognizable claim against Defendants F. Vasquez, K. Allison, W. J. Sullivan, K. Clark, T. Wan. C. Moreno, R. Tolsen, B. Peterson, P. Diaz, S. Sherman, C. Garza, D. Goss, D. Artis, D. Foster, and Doe 1-10 for denial of outdoor exercise, and against Defendants F. Vasquez, C. Moreno, R. Tolsen, B. Peterson, K. Clark, W. J. Sullivan, K. Allison, P. Diaz, S. Sherman, R. Gomez, D. Artis, D, Foster, and Does 1-10, for an Equal Protection violation. Plaintiff has not sufficiently alleged facts for any other claims against any of the other named Defendants. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding on the claims identified as cognizable herein, Plaintiff may so notify the Court in writing, and the Court will issue a recommendation for dismissal of the other claims and Defendants, and will forward Plaintiff

///

the necessary summons and USM-285 forms for completion and return. Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process.

If Plaintiff opts to amend, his amended complaint should be brief. Fed. R. Civ. P. 8(a). Plaintiff must identify how each individual defendant caused the deprivation of Plaintiff's constitutional or other federal rights: "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). With respect to exhibits, while they are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). In other words, it is not necessary at this stage to submit evidence to prove the allegations in Plaintiff's complaint because at this stage Plaintiff's factual allegations will be accepted as true.

Although Plaintiff's factual allegations will be accepted as true and "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

Plaintiff is advised that an amended complaint supersedes the original complaint. Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). The amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474. In other words, even the claims that were properly stated in the original complaint must be completely stated again in the amended complaint. Finally, Plaintiff is advised that, should he choose to amend, he may not bring unrelated claims in the same action.

///

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Within thirty (30) days from the date of service of this order, Plaintiff must either:
   a. File an amended complaint curing the deficiencies identified by the Court in this order, or
   b. Notify the Court in writing that he does not wish to file an amended complaint and wishes to proceed on the claims found to be cognizable; and
3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated: **January 8, 2014**

UNITED STATES MAGISTRATE JUDGE