# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS DE LEON,<br><br>    Plaintiff,<br><br>v.<br><br>KATHLEEN ALLISON, et al.,<br><br>    Defendants. | Case No.: 1:13-cv-00257-AWI-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S SECOND MOTION FOR APPOINTMENT OF COUNSEL<br><br>[ECF No. 15] |

Plaintiff Jesus DeLeon is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Now pending before the Court is Plaintiff's second motion for appointment of counsel, filed January 31, 2014. Plaintiff previously filed a motion for counsel on February 21, 2013, which was denied by the Court because exceptional circumstances to warrant counsel were not present.

As Plaintiff was previously advised, Plaintiff does not have a constitutional right to the appointment of counsel in this action. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009); Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981). The Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1), but it will do so only if exceptional circumstances exist. Palmer, 560 F.3d at 970; Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). In making this determination, the Court must evaluate the likelihood of success on the merits and the ability of Plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer

1

at 970 (citation and quotation marks omitted); Wilborn, 789 F.2d at 1331. Neither consideration is dispositive and they must be viewed together. Palmer, 560 F.3d at 970 (citation and quotation marks omitted); Wilborn, 789 F.2d at 1331.

As with Plaintiff's prior motion, the Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. The Court is faced with similar cases and circumstances almost daily. Further, the Court cannot make a determination at this stage of the litigation that Plaintiff is likely to succeed on the merits. In the January 8, 2004, screening order the Court found that Plaintiff stated a cognizable Eighth Amendment violation based on the denial of outdoor exercise and cognizable Equal Protection violation. Plaintiff was granted the opportunity to file an amended complaint or notify the Court of his intent to proceed on the claims found to be cognizable. The cognizable claims screened by the Court do not appear to be novel or unduly complex. The facts alleged to date appear straightforward. In addition, the Court finds that Plaintiff has sufficiently set forth his claims and demonstrates sufficient legal knowledge to articulate such claims. Accordingly,

IT IS HEREBY ORDERED that Plaintiff's January 31, 2014 motion for the appointment of counsel is DENIED.

IT IS SO ORDERED.

Dated: **February 4, 2014**

UNITED STATES MAGISTRATE JUDGE

2