UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS DE LEON,<br><br>    Plaintiff,<br><br>v.<br><br>KATHLEEN ALLISON, et al.,<br><br>    Defendants. | Case No.: 1:13-cv-00257-AWI-SAB (PC)<br><br>ORDER GRANTING DEFENDANTS' REQUEST TO REDACT PORTIONS OF TWO DOCUMENTS TO BE SUBMITTED IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT<br><br>[ECF No. 37] |

Plaintiff Jesus DeLeon is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.**

**RELEVANT BACKGROUND**

On August 5, 2015, Defendants filed a request to redact portions of two documents to be filed in support of their motion for summary judgment, currently due August 6, 2015. Defendants contend these documents are needed to defend against Plaintiff's claims, but they cannot be filed in their current state due to the highly sensitive information contained within, the disclosure of which would endanger State prisoners and prison staff.

This action is proceeding on Plaintiff's claims that Defendants violated his Eighth Amendment rights by suspending his outdoor exercise privileges during modified programming (from June 2009 to

1

March 2011), and Plaintiff's Fourteenth Amendment equal-protection rights were violated by placing him on a modified program based solely on Plaintiff's race as a Hispanic. (ECF No. 13.)

**II.**

**DISCUSSION**

Local Rule 140 provides that parties are not allowed to file redacted documents "unless the Court has authorized the redaction." Local Rule 140(b). If the Court authorizes any redactions, the parties are allowed to file a reference list under seal that identifies each item of redacted information along with appropriate identifiers, so that the parties can accurately refer to the redacted entries throughout the litigation. Local Rule 140(c).

There is a presumption in favor of access to court records. Phillips v. Gen. Motors Corp., 307 F.3d 1206, 1210 (9th Cir. 2002). However, "access to judicial records is not absolute." Kamakana v. City and Cnty. Of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006). Public access may be denied where the court determines that court records may be used for an improper purpose. Nixon v. Warner Comm'ns, Inc., 435 U.S. 589, 598 (1978). In evaluating the party's request to seal judicial records, district courts should weigh "the interests advanced by the parties in light of the public interest and the duty of the courts." Hagestad v. Tragesser, 49 F.3d 1430, 1434 (9th Cir. 1995) (quotation omitted). The Supreme Court has noted the decision to seal documents is "one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." Nixon, 435 U.S. at 599. In consideration of the relevant factors, the district court must determine if a compelling reason exists and provide a factual basis for such finding. Hagestad, 49 F.3d at 1434.

Defendants submit that in June 2009, several inmates were involved in a series of coordinated riots involving members of rival gangs. Thereafter, the Warden at the California Substance Abuse and Treatment Facility "placed all inmates on Facility C on a modified program immediately, pending the outcome of an investigation into the incident." (ECF No. 37, Mot. at 3:11-12.) Captain F. Vasquez declares that from June 2006 to April 2011, he maintained a chronology of significant events relating to the modified program at issue in this action. (Id. ¶ 6.) After a lengthy investigation, Captain Vasquez drafted two memoranda, dated August 6, 2010, and April 3, 2011, which were sent to the

Warden, and contained significant information relating to the investigation of the riots. (ECF No. 37-1, Declaration of F. Vasquez ¶¶ 3, 7-8.) The memoranda contained approximately 151 and 111 separate event entries, respectively. (Id. ¶¶ 7-8.) Vasquez declares that the majority of the entries can be publicly disclosed without harm. (Id. ¶ 10.) However, many entries contain sensitive information, the disclosure of which would endanger California prisoners and prison staff. (Id.) Specifically, several entries identify State inmates by name and California Department of Corrections and Rehabilitation number, and others do not identify any inmates by name, but contain enough information to allow an informed prisoner to deduce the identity of the unnamed inmate. (Id.) In addition, some entries reveal critical investigative techniques that would be compromised if publicly known. (Id.) Other entries reveal information learned from confidential informants, and from inmate "kites" that were intercepted by prison staff. (Id.) Further, some entries contain inflammatory language that, if publicly known, could further aggravate and deepen the tensions between rival prison gangs and disruptive groups in California's correctional institutions. (Id.)

Having carefully balanced the public's presumptive right of access to courts records with the competing interests of inmate and staff safety in California prisons, the Court finds that based on the declaration of F. Vasquez, Defendants' motion shall be granted.

### III.
### ORDER

Based on the foregoing, it is HEREBY ORDERED that Defendants are allowed to file the August 6, 2010, and April 13, 2011, memoranda authored by F. Vasquez to K. Allison in redacted form.

IT IS SO ORDERED.

Dated: **August 6, 2015**

UNITED STATES MAGISTRATE JUDGE

3